**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

JORGE RENBERTO VENTURA,

    Petitioner,

v.

COBB COUNTY SUPERIOR COURT,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-98

## O R D E R

Petitioner Jorge Ventura ("Ventura"), who is currently housed at Hancock State Prison in Sparta, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his Petition, Ventura attacks his conviction obtained in the Superior Court of Cobb County, Georgia. (Doc. 1, p. 1.)

This Court lacks jurisdiction over this Petition because Ventura is incarcerated outside of this District. Additionally, it is prudent to address the venue of this action, despite this Court's lack of jurisdiction. All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in

custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d).

In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction." Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), *report and recommendation adopted*, No. CV 4:10-071, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle, 279 F.3d at 933 n.9); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").

The place of Ventura's conviction, Cobb County, is located in the Atlanta Division of the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Consequently, IT IS HEREBY **ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division.

The Court **DIRECTS** the Clerk of Court to transfer this case to that Court.

**SO ORDERED**, this 25th day of August, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA